UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GRANT HALPERN,

*Plaintiff,*

-against-

EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, AND RENTGROW, INC.,

*Defendants.*

**COMPLAINT AND DEMAND FOR JURY TRIAL**

By and through the undersigned counsel, Plaintiff Grant Halpern ("Plaintiff"), with knowledge as to Plaintiff's own acts and investigation of counsel as to the acts of others, and believing that further investigation and discovery will confirm that the allegations recited herein have substantial evidentiary support, states as follows:

## Introduction

1. Pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), Plaintiff brings this action against Defendants Equifax Information Services LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), Trans Union LLC ("Trans Union") and RentGrow, Inc. (Equifax, Experian, Trans Union and RentGrow are the "CRA Defendants") to recover actual, statutory, and punitive damages. In addition, Plaintiff is entitled to an award of costs and attorney's fees in this statutory fee-shifting action.

## Jurisdiction and Venue

2. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681p.
3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2).

4. A substantial portion of the harm Defendants caused Plaintiff due to their FCRA violations was suffered by Plaintiff in this District.

## **The Parties**

5. Plaintiff is an individual and "consumer" within the meaning of the FCRA. Plaintiff resides in Eastchester, NY.
6. Defendant Equifax is a foreign entity that conducts business in the State of New York, and is a "consumer reporting agency" within the meaning of the FCRA.
7. Defendant Experian is a foreign entity that conducts business in the State of New York, and is a "consumer reporting agency" within the meaning of the FCRA.
8. Defendant RentGrow is a foreign entity that conducts business in the State of New York, and is a "consumer reporting agency" within the meaning of the FCRA.
9. Defendant Trans Union is a foreign entity that conducts business in the State of New York, and is a "consumer reporting agency" within the meaning of the FCRA.

## **Plaintiff's Claims Against Defendants Pursuant to the Fair Credit Reporting Act**

10. Plaintiff is a victim of a mixed file.[1]
11. Defendants Equifax, Experian, Trans Union, and RentGrow reported or published information belonging to another individual as part of Plaintiff's credit and/or tenant-screening files and reports, including accounts that Plaintiff did not open or authorize (hereinafter, the "Mixed Information").

---

[1] A mixed file refers to a situation in which one or more consumer reporting agencies mix or merge the information of more than one consumer into a single consumer file.

12. Among other examples of defamatory publications, Equifax published the Mixed Information to Capital One Bank on or around May 26, 2026. This publication defamed Plaintiff, thereby:

    a. Giving Capital One Bank the false impression that Plaintiff was a poor credit risk.

    b. Impugning Plaintiff's reputation and character.

    c. Causing Plaintiff to suffer substantial emotional distress as described herein.

13. Among other examples of defamatory publications, Experian published the Mixed Information to Capital One Bank on or around June 28, 2026. This publication defamed Plaintiff, thereby:

    a. Giving Capital One Bank the false impression that Plaintiff was a poor credit risk.

    b. Impugning Plaintiff's reputation and character.

    c. Causing Plaintiff to suffer substantial emotional distress as described herein.

14. Among other examples of defamatory publications, Trans Union published the Mixed Information to Capital One Bank on or around July 6, 2026. This publication defamed Plaintiff, thereby:

    a. Giving Capital One Bank the false impression that Plaintiff was a poor credit risk.

    b. Impugning Plaintiff's reputation and character.

    c. Causing Plaintiff to suffer substantial emotional distress as described herein.

## ***Damages***

15. At all times pertinent hereto, the conduct of each Defendant and their agents was malicious, intentional, willful, reckless, and in wanton disregard for the rights of Plaintiff pursuant to the FCRA.

16. In the alternative, the conduct of each Defendant and their agents was in negligent disregard

of the rights of Plaintiff pursuant to the FCRA.

17. Each Defendant, as a direct and proximate result of their unlawful actions, conduct, and omissions, published inaccurate information about Plaintiff to third parties.

18. Each Defendant's publication of inaccurate information about Plaintiff caused Plaintiff to suffer damages cognizable pursuant to the FCRA, including but not necessarily limited to the following:

    a. Plaintiff suffered substantial emotional distress. That emotional distress includes ongoing stress and anxiety. Plaintiff's emotional distress has manifested itself through headaches, difficulty sleeping, frustration, humiliation, and apprehension about applying for credit.

    b. Plaintiff was defamed by each Defendant, all of which published false information about Plaintiff that damaged Plaintiff's reputation for creditworthiness. Such defamation further contributed to, among other things, Plaintiff's ongoing emotional distress.

    c. Unjustifiable invasions of Plaintiff's privacy rights as Plaintiff's personal information was disseminated to unauthorized parties.

    d. Plaintiff was denied an apartment because of the inaccurate information reported by RentGrow.

19. The damages Plaintiff suffered are cognizable actual damages under the Fair Credit Reporting Act.

20. Because of Defendants' willful violations of the fair credit laws, Plaintiff is entitled to an award of actual damages (or statutory damages), such punitive damages as the Court may

allow, and Plaintiff's costs and reasonable attorney's fees.[2]

**Cause of Action**
**Violations of the FCRA by Equifax, Experian, Trans Union and RentGrow**
**(Consumer Reporting Agencies)**

21. Each Defendant violated FCRA § 1681e(b) by preparing and publishing one or more inaccurate consumer reports about Plaintiff to third parties because each Defendant did not follow reasonable procedures to assure maximum possible accuracy of information they reported about Plaintiff. Those consumer reports, upon information and belief, contained inaccurate information about Plaintiff, including but not necessarily limited to the Mixed Information.

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages and equitable relief against Defendants:

1. Awarding against each Defendant actual damages, statutory damages, punitive damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and § 1681o.
2. A correction of any inaccurate consumer reporting.
3. Such other and further relief as may be necessary, just, and proper.

**Demand For Jury Trial**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury as to all issues so triable.

*/s/ Servando Martinez*
Servando Martinez
**Sherman & Ticchio PLLC**
servando@st-legal.com
120 N. Main Street, Suite 302(b)
New City, NY 10956

[2] Even if a jury finds that a Defendant's unlawful conduct was merely negligent, Plaintiff would still be entitled to an award of actual damages, costs, and reasonable attorney's fees in this fee-shifting action.

212.324.3874